Good morning. We have three cases on the oral argument docket. One case has been submitted on the brief. The first case for oral argument this morning is Thakhar v. Holder. Counsel for the appellant. May it please the Court, Counsel, my name is Antonio Salazar and I'm here representing the petitioner Sarabjit Singh Thakhar. Mr. Thakhar is a citizen of India who is a Sikh from the state of Punjab. He is before the Court based on his applications for asylum, withholding of removal and Convention Against Torture Relief based on three arrests that occurred in the state of Punjab in the 2002 through 2004 time period. On each occasion he was arrested by the police from a neighboring town that was five kilometers away. It's a small town that he lived in, had no police force. And he was detained anywhere from seven to 15 days. Counsel, let me ask you something about the corroboration issue that the I.J. raised. The I.J. thought that there ought to be corroboration. And I think he thought it even if Thakhar was generally credible. And the red brief argues that it didn't have to be an official police report. After the police beat you up it might be a little silly to say you have to go down to the police station and request an official police report. But he could have gotten something from friends in the village and from his parents saying that he'd been arrested and beaten up or jailed. And there's nothing but his word for it. Or could have gotten something from the doctor that took care of him. Wouldn't have to go to the police station for a police report. Well, Your Honor, under the facts of this particular case, Mr. Thakhar is an uneducated farmer. He indicated that he did not go see a doctor so there would be no medical evidence. He was never brought before a court or charged with any crime so there wouldn't be any kind of documentation in that regard. Well, I don't think you answered my question. The question is, was he ever taken to the police station or arrested or jailed or beaten up at all? And that we don't even have letters from friends and family. Okay. Well, the BIA found him to be credible but then denied for the reasons the court has alluded to. Why couldn't he get a letter from his family or from friends? Mr. Thakhar testified at the hearing that he, on his way to the United States through Mexico, he did talk to his parents from Mexico and that he was told that the police were looking for him and then there's no further indication in the record that he ever talked to them again once he was in the United States. Did you represent him at the, or was he represented at the IJ hearing? Yeah, he was represented, yes. By you or by somebody else? By my office, not by myself, by another attorney in my office. Was, what, I'm sort of interested in this whole new corroboration rule because this is a strange case because the BIA, although the IJ found him not credible, the BIA essentially found that he was credible. Yes. And if you believed him, then all these things happened to him. So credible seems to mean you believe him. But nonetheless, they said he had to present corroboration. And the question is, what standards, did you have any reason to think before you went into this hearing that you had to have corroboration? Yes, and he did testify at a different time in the hearing that, in response to a question by the court, that he had tried, he had asked for documents but had not received anything. So did you have some reason from an earlier hearing, or did he, to know that he needed to have corroboration? In all of these clients, we indicate, we request that they try to get affidavits or declarations from India, in this case. And he indicated that he did do that, but that he didn't get anything. And he had asked for a continuance to have more time to get the corroboration once it was brought up. No continuance was requested at the hearing. And what would be your position in general? I mean, as a lawyer who does these kinds of cases, should you be able to ask for a continuance once the I.J. raises the issue? Do you expect him to raise the issue ordinarily? Well, Your Honor, I guess when this particular case was heard, the implementation of the Real ID Act of 2005 was relatively new. But to answer the Court's question, yes, you can ask for a continuance, and it's up to the I.J. to decide whether or not it will be granted. And typically, we do request documentation from the clients to the extent that it can be obtained to support their claims. The hearing gave some reasons why it couldn't, but the I.J. didn't regard those reasons as reasonable reasons. They weren't awfully persuasive reasons, to be frank about that. They could have been better articulated, Your Honor. But given the record that we do have, it is our position that the language of the Real ID Act of 2005 allows the granting of the requested relief, even in the absence of corroborating documentation. If the first part says that it can be approved. Counsel, at B1, B2, it says the testimony may be sufficient without corroboration. That's up to the I.J. And then in the next paragraph, it says, where the trier of fact determines that the applicant should provide corroboration for otherwise credible testimony, the evidence must be provided unless the applicant doesn't have the evidence and cannot reasonably obtain it. That seems to say that even if the testimony is otherwise credible, the trier of fact can still in its discretion require corroboration unless the applicant doesn't have it and can't reasonably obtain it. And in this case, he doesn't have it, but I don't see why he couldn't reasonably obtain it, just by asking his parents to send a letter and get a letter from some friend in the village that knew about the arrests. Mr. Takara, at a certain point in the testimony, indicated that he did not ask his parents for evidence because he did not want to get them in any trouble. I remember that, and it didn't make any sense to me. I mean, sure, it might get them in trouble if they went down to the police station and said, we would like a police report about our son's multiple arrests, and you better be sure to put in there that you beat him up. That might get them in trouble. But for them to just write him a private letter and get a letter from a friend, I don't see why it would. I agree that we should have been able to get that. He indicated that he did try to do that on the one hand, and then he stated at a different time that he was scared to ask his parents for corroborating evidence for fear that he would get them in trouble by doing so. You see, I can't figure out why it would get him in trouble, so I wonder whether he's scared to ask them for corroboration because actually he didn't get arrested, and they'd get all upset about being asked to lie. Well, Your Honor, the BIA found him to be credible in terms of his testimony regarding the three arrests. I know that, but this otherwise credible testimony phrase in the second paragraph of B1, B2, seems to mean that corroboration can still be required, or am I reading it wrong? No, it can still be required, but it then has the unless he indicates that he was not able to get it, which is in this particular case that's what we believe to be the case. And cannot reasonably obtain it. Yes. And which presents the issue before the court is whether, given that the BIA found him to be credible, whether the evidence in this case not only supports but compels the granting of the requested relief. And we think that although obviously as the court has indicated there are problems in terms of the proof, by him being found credible on these three very serious incidents that he testified about, which he indicated that at times he was beaten into unconsciousness, deprived of sleep by lights and noise, that the evidence still compels the granting of the requested relief. Mr. Salazar, could you have the blue brief handy? I do. Would you look at page 19 for me? The paragraph that begins in this instance. Yes, that was in there by mistake, Your Honor. I'm not understanding. Mr. Alcides. Your Honor, that as was pointed out, that was included by mistake because we at a, we mistakenly believe that there was a one-year issue but there's not a one-year issue in this case because he had entered, Mr. Takari entered the U.S. in January of 2005 and he applied. It obviously happened and I was about to ask the same thing. You seem to have, it's a really sloppy job. You just imported something from a different brief about a different person. Well, that part, Your Honor, should not have been in the brief, I agree, because he clearly applied within one year of entry. But it's not only that. You were talking about a different petitioner. You took something from a brief about a different petitioner and stuck it into the string. That was mistakenly done, Your Honor. I know it was a mistake, but it happens unfortunately frequently in immigration cases and it's something that really makes us wonder about representation. So my time is up, Your Honor. Thank you. Thank you, counsel. We will hear now from the government. Good morning. May it please the Court, my name is Amy Fredrickson. I'm an attorney with the Department of Justice and represent the government in this matter. In this case, the immigration judge found the petitioner not credible and alternatively found the petitioner failed to corroborate his testimony. The board reversed the credibility determination but upheld the immigration judge's finding. I have not had a case in this court, as far as I know, in a published case, dealing with how one applies the corroboration rule to a petitioner found credible. And I find it really sort of weird and mysterious. I mean, if the person is credible and he told all these stories, that means you believe him. If you believe him, that means these things happen. So if you're going to have a corroboration rule, it has to have some point and some limits. What is the point of requiring corroboration of somebody that you've determined you believe? I think there's a couple cases from the board that are illuminating in this case. When passing the REAL ID Act, Congress indicated that they were intending to codify the matter of SMJ. In matter of SMJ, what the board found was that corroboration could be required in certain instances and noted that what they stated was, regarding aspects of the applicant's testimony that involve her own personal experience, we find the applicant has failed to satisfy her burden of submitting evidence that is sufficiently detailed to provide a coherent account of the basis of her fear. In her fear, he gave a very detailed and coherent account. If you believe him, if you believe that the three incidents occurred and they occurred as he gave them, what is the point of asking for anything else that was very detailed? Well, there were certain things that he didn't give detailed testimony about. For example, how the police discovered that he was Sikh, why the police believed that he was Sikh and participated in Sikh activities that were against the government. He did not give detailed testimony about that, and that is certainly central to his claim because in order to show that he's eligible for asylum, he has to demonstrate that the harm was on account of a protected ground. In this case, the protected ground that he's claiming is his religious beliefs. So that's an interesting point, but it's a slightly different one. It's essentially saying it's a reason why without the corroboration, he hasn't made out his case and he could lose. But that isn't really what the IAJ said. He just said, I just want some corroboration of what you just told me. Compared to many asylum cases, this petitioner actually did not give particularly detailed testimony. His testimony was short and summary. Now, I'm really trying to explore the problem more than the case, okay? There are other instances in which you have corroboration rules like accomplices. I mean, there are policy reasons in some evidentiary circumstances where you say there are reasons why we are not going to believe this person unless they have something to support them. But then there are issues about how much, what's the quantum? And in this instance, there are issues, it seems to me, about notice. I mean, one could read this, and I would read this language as saying, it says where the trier fact determines that the applicant should provide evidence, such evidence must be provided. And that seems to me to say that there has to be a determination made that you're supposed to provide corroboration. You don't necessarily have to provide corroboration. And then it's an opportunity to get it. In other words, isn't there a notice requirement here that says, since it's not automatic? Well, in this case, the immigration judge did tell the... Yes, but the person was already there, and maybe this isn't the case in which to worry about this because we're being told that his lawyer had told him to bring something. But suppose he said, oh, you know, I've told my story. It's a true story. I had no idea you were going to require, how was I supposed to know you were requiring me to prove my already true story with more material? Well, I think in that particular case, it would be up to the immigration judge to then say, well, in that case, I'm going to give you additional time and give the additional time. It's not a requirement under the statute. Why not? Why don't we read the statute to say that, the way the thing is written even, that it's not on the spot. It's if he determines that you should provide evidence, even if it's otherwise credible, that you need to have time to get it. Although that's, I understand the point that you're making, but I just don't think that it's an issue in this particular case. You see, if you have the accomplice rule, it's automatic. An accomplice is never sufficient unless he has corroboration. So a lawyer dealing with an accomplice knows that you have to put on the corroboration. But also, it's minor. The corroboration doesn't have to be, it can be very little. And here, my understanding is that the IJ can also kind of say what he wants for the corroboration. I think the reason that the statute is written this way is acknowledging that there are times when the immigration judge may determine that corroboration is not necessary. Suppose that I had come in with a letter from his parents, and the IJ had said, oh, but that's not what I want. I want a letter from the people who bailed you out. What was he supposed to do about that then? See, to use the accomplice analogy again, as I understand it, any quantum of corroboration fulfills the rule. But this one seems to be at the IJ's whim, essentially. Well, but the statute was written that way, and Congress wrote it that way. And in this particular case, the immigration judge asked for, you know, the other part of this statute is that the applicant can give an explanation as to why he does not have the evidence and cannot reasonably attain it, which is absent in this case. He did not give a good explanation as to why he did not have the evidence. But the phrase cannot reasonably attain it seems to be talking about the future, and therefore seems to be contemplating some notice and an automatic continuance, essentially. Well, in that case, that's something that the agency needs to address. And that's certainly, I think, a valid concern. But I don't think it's a valid concern in this particular case because the petitioner in this case did not give a reason why he couldn't obtain the evidence. To the contrary, he testified that he was in contact with his parents, and he did not give any sort of rational foundation for his fear that his parents would be harmed if he requested a letter because he testified that no harm has come to any of his family members. Additionally, this particular petitioner has a brother who lives in the United States, so certainly no harm would come to his brother by asking his brother for a letter corroborating aspects of his testimony, such as the fact that his family practiced the Sikh religion. Was the brother in India when the petitioner's claims he got arrested? The petitioner indicated that his brother came to the United States when he was young but did not testify as to when that was. But his brother would certainly know things like the religion of his family and could have additionally corroborated that point. Here's an example. If he had come in with a letter from his brother saying, my family is Sikh, that wouldn't necessarily have solved the problem, right? Because the IJ could have said, oh, that's very interesting, but that's not what I want. I want something else. Well, that's true. But in this particular case, it still would have been more evidence than was submitted because the petitioner in this case only submitted his own statement. He did not submit any additional corroborating evidence. Again, I think it's helpful to look at a matter of SMJ, where the board found that there were multiple types of evidence that could have been submitted that would have bolstered certain aspects of the petitioner's story, but they weren't submitted. Also, in the Seventh Circuit, the Seventh Circuit recently noted in Krishnapallali v. Holder that given the modifications to the Immigration and Nationality Act affected by the REAL-ID Act, an immigration judge now enjoys substantial leeway to demand corroboration of an asylum applicant's allegations whether or not the judge finds the applicant credible. It's only if such evidence is beyond the reasonable ability of the immigrant to obtain if the judge precluded from demanding corroboration. Excuse me. What did you just read from? It's Krishnapallali v. Holder. It's 563F3D. Was that cited in one of the briefs? I think that it came out actually after the briefs. I'd be happy to submit a 28-judge. Oh, please do. If you want us to look at that authority, I think you need to provide the panel with the detailed citation as well as your opposing counsel. Absolutely. And you can do that before you leave. The deputy clerk has the floor. All right. Yeah. Like a corroboration requirement. You can see it coming. 28-J is right in the rules. Could you talk a little bit more about when? I'm thinking of this in terms of other cases, not just immigration cases. Every lawyer knows when he presents a case to a jury that the jury is going to be wondering where are the pictures, where are the medical records, just the sort of corroboration that ought to be there, evidence that ought to exist. On the other hand, there's some that you might not think of until somebody says, where's this? What sort of corroboration ought to be routine? What sort might justify a continuance? It's routine that if you're going to cite a new case that's not in the briefs, you file a 28-J before the oral argument so we can look at it. Everybody knows that. But some kinds of corroboration might be non-routine, and somebody might not think of them. And I'm wondering what principles are there for prediction and continuances? Well, again, I think that some of the Board decisions, such as SMJ, are helpful on this case. The Board talked about certain types of corroboration that are typically required, such as affidavits from friends and family, medical records, proof of political or religious affiliation. This is my question. I would be much more comfortable with a rule that said you have to do this. But that's not the rule. The rule is the IJ, even if he finds you credible, can ask you to do this. And that's why the rule is unpredictable and subject, it seems to me, to unfair application. The Board is not interpreting this as meaning you have to do this, right? Right. Because that's not what it says. That's not what it says. And I think it's helpful to look at the background. I'm sorry, I'm over time. Answer the question, counsel. I think it's helpful to look at the background information in the House reports for that point. Congress indicated that one of the purposes of the REAL ID Act was to help prevent terrorists from fraudulently getting asylum. Now, the purpose of the act, however, is not to keep people who have real and valid asylum claims from getting asylum. So to that end, the immigration judges are given leeway to grant asylum, even where corroborating evidence isn't available or cannot be obtained, acknowledging that it's often difficult to get corroborating evidence from a home country. Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument next in Singh v. Holder.
judges: O'scannlain, Kleinfeld, Berzon